Louis Popp, Appellee, v. E. S. Barger, Appellant.

Opinion filed February 1, 1932.

PHILIP G. LISTEMAN and HAROLD J. BANDY, for appellant; A. R. MILLER, of counsel.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee, eight years old, recovered a verdict and judgment for $750 for minor injuries received in an automobile collision. He was riding in a car driven by his father. Appellant was driving east on St. Clair avenue, a continuation of Route 12, in East St. Louis. Appellee's father was driving north on 25th street and entered upon St. Clair avenue without stopping. He says he saw appellant's car when it was 75 feet from his car and that he paid no more attention to it as he thought appellant would stop; that he went on at 13 to 15 miles per hour looking straight ahead and

didn't again see appellant's car until it struck his car at about center on the left side. On the south side of St. Clair avenue and west of 25th street, there is a sign "Stop, police orders." There is no stop sign on 25th street south of St. Clair avenue. No claim is made that appellant was operating his car at a high rate of speed but it is argued that he was negligent because he didn't stop before entering 25th street.

Appellee's father knew that St. Clair avenue is a continuation of Route 12 and he must be presumed to know the law. He had no right to cross that avenue until he stopped and ascertained that the way was clear. Cahill's St. ch. 95a, ¶ 34. His duty was plainly prescribed therein and the statute did not tell him that he need not stop at such an intersection if there was no stop sign erected. The failure of the department of public works and buildings to place a stop sign at that point did not relieve him from the observance of his statutory duty. It is apparent that if he had stopped before entering the intersection, the collision would not have occurred.

The same statute gave appellant the right of way and did not require him to stop before entering 25th street. So far as the record shows the stop sign on Route 12 just west of 25th street was placed there without authority of law and appellant cannot be said to be guilty of negligence in failing to observe and obey it. It is unfortunate that the department of public works and buildings failed to place a stop sign on 25th street. Appellee was not injured by reason of any negligence on the part of appellant and the judgment is reversed with a finding of facts.

*Reversed with a finding of facts.*

The clerk will insert in the judgment the following: "The court finds that there is no evidence tending to prove negligence on the part of appellant."